FILED

July 6, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:55 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jason Sanker | ) Docket No. 2016-06-0101 |
| | ) |
| v. | ) |
| | ) State File No. 76713-2015 |
| Nacarato Trucks, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer , Chief Judge | ) |

---

### Affirmed and Remanded – July 6, 2016

---

In this interlocutory appeal, the employee reported a work injury that he claimed aggravated a prior work-related lumbar spine condition. The authorized treating physician recommended a lumbar fusion and testified that the surgery was medically appropriate in light of two prior discectomies at the same level of the spine. The employer's current insurer asserted that the employee's lumbar spine condition did not arise primarily out of the most recent work injury and that the insurer for the employee's prior work injury should be responsible for the fusion surgery. Following an expedited hearing, the trial court determined that the employee suffered a compensable aggravation of his pre-existing condition and that the most recent insurer was responsible for all reasonable and necessary medical treatment. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex B. Morrison, Knoxville, Tennessee, for the employer-appellant, Nacarato Trucks, Inc.

Marshall McClarnon, Goodlettsville, Tennessee, for the employee-appellee, Jason Sanker

**Factual and Procedural Background**

Jason Sanker ("Employee"), a thirty-six-year-old resident of Dickson County, Tennessee, works as a service technician at Nacarato Trucks, Inc. ("Employer"). On July 1, 2014, Employee sustained a compensable, work-related injury that resulted in two surgeries at the same level of the lumbar spine.[1] Although Employee complained of lingering symptoms for a period of time after the second surgery, his authorized treating physician released him to return to work without restrictions on June 8, 2015. On July 30, 2015, Employee settled his workers' compensation claim with open medical benefits.

In September 2015, Employee experienced another work-related back injury while working for the same employer.[2] After receiving notice of the injury, Employer provided a panel that included Dr. Tarek Elalayli, Employee's authorized treating physician for his 2014 injury. Employee selected Dr. Elalayli, who saw Employee on September 30, 2015. At that visit, Employee told Dr. Elalayli that "he was doing 100% better" until his most recent injury, when he felt a "pop" in his back and experienced immediate, severe pain.

In his October 21, 2015 report, Dr. Elalayli remarked, "I believe his current symptoms are a result of a combination of both his pre-existing disease . . . and the resultant aggravation." Thereafter, Employer sent Dr. Elalayli a "Medical Questionnaire," in which he was asked to check a "yes" or "no" box in response to the following question: "Can you state within a reasonable degree of medical certainty whether Mr. Sanker's current condition was equally caused by both his prior low back injuries, which necessitated surgery in November 2014 and a redo surgery in April 2015, along with his alleged September 18, 2015 accident[?]" Dr. Elalayli checked "yes." When Employer received Dr. Elalayli's completed questionnaire, it denied Employee's claim, concluding that the injury, if compensable, should be handled under Employee's previous workers' compensation settlement agreement.[3]

During a subsequent medical appointment on December 16, 2015, Dr. Elalayli learned that Employer's insurer had denied additional medical treatment based on his

---

[1] Specifically, an MRI performed after the July 2014 injury revealed a "broad-based posterior disc protrusion" at L5-S1 and "mild to moderate right neural foraminal stenosis." Employee's authorized treating physician performed a right L5-S1 microdiscectomy on November 20, 2014. Due to ongoing symptoms, the authorized treating physician ordered another MRI, which revealed a recurrent herniation at the same level. In late March or early April 2015, Employee underwent another discectomy.

[2] Throughout the record, Employee consistently referred to the date of injury as September 9, 2015 while Employer and various doctors often referred to the date of injury as September 18, 2015. The parties agreed at the expedited hearing that the precise date of injury was not material to the resolution of the request for expedited hearing.

[3] Although Employee worked for the same employer at the time of his two injuries, Employer had changed insurance carriers.

response to the questionnaire. As a result, in his December 16 report, Dr. Elalayli attempted to clarify his opinion by stating that "[w]hile [Employee's] current issue is in part related to the original surgery, his current pain complaints are certainly greater than 50% related to the 9/18/2015 injury." Contrary to Dr. Elalayli's recommendation and despite ongoing symptoms, Employee returned to work on December 21, 2015.

In his March 28, 2016 deposition, Dr. Elalayli testified that he had not seen or treated Employee between June 8, 2015 and September 30, 2015. He further testified that, to the best of his knowledge, Employee had been able to perform his work duties without limitations prior to the September 2015 work accident. When asked to elaborate on what caused the current need for surgery, Dr. Elalayli explained, "[i]f he had developed progressively, worsening pain with time, without any new injuries, then I would say it's more than 50 percent related to the 2014 injury. But when he's doing much better and has a new trauma with sudden onset of pain, at that point, I think it's more than 50 percent related to the 9-18-2015 incident."

Thereafter, in response to a motion filed by Employer, the trial court issued an order on April 12, 2016 granting Employer's request to compel an independent medical evaluation. Dr. Gray Stahlman performed this examination on April 29, 2016 and, in his written report, concluded that Employee "has suffered what appears to be a third time herniation at L5-S1 on the right side . . . [which] was directly associated with a flexion-based activity at work, and this type of mechanism is consistent with his recurrence." In addition, Dr. Stahlman observed that the pain Employee experienced shortly after his second surgery in 2015 is "not uncommon after [a] discectomy." Finally, Dr. Stahlman opined that "75% of the responsibility of the recurrent disc herniation is borne by the previous two herniations and subsequent deterioration of the disc, and 25% of the responsibility would be borne by the most recent event."

Following an expedited hearing, the trial court issued an interlocutory order granting Employee's request for additional medical benefits and holding Employer's current insurer responsible for such treatment. The court concluded that Employee would likely prevail at a hearing on the merits because "Dr. Stahlman's report fails to rebut Dr. Elalayli's [presumptively correct] opinion and, in fact, agrees the described event caused the recurrent herniation." Employer appealed.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party

3

"have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

> (A)    Violate constitutional or statutory provisions;
> (B)    Exceed the statutory authority of the workers' compensation judge;
> (C)    Do not comply with lawful procedure;
> (D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
> (E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employer raises three issues on appeal: (1) whether the trial court erred in ruling that Employee suffered a new compensable injury arising primarily out of his employment; (2) whether the trial court erred in ruling that the causation apportionment from Dr. Stahlman is "not legally relevant"; and (3) whether the trial court erred in ruling that Employee is entitled to medical benefits, including surgery, to be provided by the appellants.

Generally, to be compensable, an injury must arise primarily out of and in the course and scope of employment and must cause death, disablement, or the need for medical treatment of the employee. Tenn. Code Ann. § 50-6-102(14) (2015). If the injury is "accidental," it must be "caused by a specific incident, or set of incidents," and must be "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). Furthermore, "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B).

An "accidental" injury generally does not include the aggravation of a pre-existing condition "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). Thus, in order to establish a compensable aggravation as part of the accidental injury, an employee must prove by a preponderance of the evidence that the employment contributed more than fifty percent in causing the aggravation. *See also Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015) ("[A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert

4

medical proof that the work accident 'contributed more than fifty percent (50%)' in causing the aggravation, and (2) the work accident was the cause of the aggravation 'more likely than not considering all causes.'"). Under such circumstances, the injured worker qualifies for medical treatment "made reasonably necessary by [the] accident." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015).

As discussed in previous cases, however, an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits but must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1). *E.g.*, *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Moreover, to qualify for medical benefits, an employee need not establish that the aggravation of his or her pre-existing condition caused a permanent disability. *Miller*, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *18 ("[A]n aggravation or exacerbation need not be permanent for an injured worker to qualify for medical treatment reasonably necessitated by the aggravation.")

In the present case, the trial court was faced with two competing expert medical opinions. The authorized treating physician, Dr. Elalayli, testified that, prior to the September 2015 work accident, Employee's radicular complaints had resolved and Employee had returned to work full-time without restrictions. In September 2015, Employee reported a new, acute work injury resulting in a recurrent herniation of the disc. Dr. Elalayli opined that this finding constituted an "anatomical change" in Employee's condition. He further described the September 2015 incident as a "new injury which resulted in the sudden onset of symptoms." He concluded that the need for additional medical treatment was "more than fifty percent related to th[e] aggravation incident."

Similarly, Employer's expert, Dr. Stahlman, agreed that Employee suffered a "third time herniation," which was "directly associated with a flexion-based activity at work." In contrast to Dr. Elalayli, however, Dr. Stahlman concluded that Employee's pre-existing condition, including the two prior discectomies, was the primary cause of the need for additional medical treatment. Specifically, Dr. Stahlman opined that "75% of the responsibility of the recurrent disc herniation is borne by the previous two herniations and subsequent deterioration of the disc, and 25% of the responsibility would be borne by the most recent event."

The pertinent workers' compensation statute requires trial courts to presume the correctness of an authorized treating physician's causation opinion. Specifically, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . ., shall be presumed correct on the issue of causation

5

but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2015). The trial court concluded that Employer did not present sufficient evidence to overcome the presumption of correctness given to Dr. Elalayli's causation opinion. We agree.

A trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Reagan v. Tennplasco*, No. M2005-02020-WC-R3-CV, 2006 Tenn. LEXIS 1209, at *10 (Tenn. Workers' Comp. Panel Dec. 27, 2006). As stated by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted).

Thus, with respect to the issue of competing expert medical opinions, we review the trial court's determination under an abuse of discretion standard. This standard "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete, Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)).

While we agree with Employer that Dr. Stahlman's opinion concerning the "apportionment of responsibility" was relevant and material to the ultimate issue,[4] we do not agree that the trial court erred in giving greater weight to Dr. Elalayli's expert opinion. Dr. Stahlman agreed with Dr. Elalayli that the September 2015 work accident caused the third disc herniation and that the September 2015 work accident contributed to the need for a lumbar fusion. Thus, although the expert opinions concerning the precise apportionment of responsibility differed, their opinions were consistent that Employee suffered a work-related aggravation of his pre-existing condition and that this aggravation caused or contributed to the need for additional medical treatment, including surgery. It was within the trial judge's discretion to accept the apportionment testimony of the authorized treating physician over the opinion of Employer's medical expert. In short, there is insufficient evidence for us to find that the trial court abused its discretion in accepting the opinion of Dr. Elalayli over that of Dr. Stahlman.

---

[4] We respectfully disagree with the trial court's characterization of Dr. Stahlman's opinion regarding apportionment as "not legally relevant," but find that it did not cause error in the trial court's determination that Dr. Stahlman's opinion did not overcome the presumption of correctness attributable to Dr. Elalayli's causation opinion. In other words, any such error was harmless.

6

## Conclusion

For the foregoing reasons, we conclude that the evidence does not preponderate against the trial court's determination. Additionally, we find that the trial court's order does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, we affirm the trial court's decision and remand the case for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

7

**FILED**

**July 6, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:55 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jason Sanker | ) | Docket No. 2016-06-0101 |
| | ) | |
| v. | ) | |
| | ) | State File No. 76713-2015 |
| Nacarato Trucks, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of July, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Marshall McClarnon** | | | | | X | marshall@poncelaw.com |
| **Alex Morrison** | | | | | X | abmorrison@mijs.com |
| **Ronald McNutt** | | | | | X | ronald.mcnutt@tn.gov |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov